UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBERT D BOWERS, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:13-CV-3054 |
| § | |
| CONOCOPHILLIPS COMPANY, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER GRANTING MOTIONS TO DISMISS

### I.

Pending before the Court are the defendants' motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] Also before the Court are the plaintiff's, Robert D. Bowers, responses to the motions and the defendants' replies. Having carefully reviewed the parties' submissions and the applicable law, the Court grants the motions to dismiss.

### II.

Robert Bowers was a student at Texas Southern University in the Jesse H. Jones School of Business. He alleges that the twenty-three defendant corporations discriminated against him because they do not participate in on-campus recruitment at Texas Southern University. Instead, Bowers alleges, the defendants only recruit students from "Top Tier" universities. He claims that this practice violates the Ninth Amendment of the United States Constitution and Title VII of the Civil Rights Act of 1964.

---

[1] Some of the defendants have also moved for dismissal under Rule 12(b)(2) and (5). The Court does not address these contentions.

### III.

The Ninth Amendment provides, "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. CONST. amend. IX.

Title VII forbids an employer from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). In order to state a claim under Title VII, the plaintiff must allege that he: "(1) is a member of a protected class; (2) was qualified for [the] position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class or, in the case of disparate treatment, shows that others similarly situated were treated more favorably." *Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001) (internal quotation marks and citations omitted).

The defendants argue that Bowers has not stated a cognizable claim as the Ninth Amendment does not confer substantive rights or provide for a private cause of action. They contend that the claim also fails under Title VII because discrimination based on the quality of an individual's educational institution is not a category protected by the statute.

The plaintiff contends that the Ninth Amendment, read in concert with Title VII, can be read to protect educational institutions as a class—that Title VII is not limited to its enumerated categories.

The Court agrees with the defendants that Bowers' claim fails as a matter of law. The Ninth Amendment "is a residual clause, which is intended to be used as a rule of construction in interpreting other constitutional rights." *Jennings v. Clay*, 2013 WL 3388403, at *4 (N.D. Tex. July 8, 2013). It "does not confer substantive rights upon which civil rights claims may be

based." *Johnson v. Texas Bd. of Criminal Justice*, 281 F. App'x 319, 320 (5th Cir. 2008) (citing *Froehlich v. Wisconsin Dep't of Corr.*, 196 F.3d 800, 801 (7th Cir. 1999). The classes protected by Title VII are clear, and the plaintiff points to no authority and provides no reasoned basis for expanding that list by reading the statute in conjunction with the Ninth Amendment. To expand that list to include educational institutions would be to confer a substantive right. *See Johnson*, 281 F. App'x at 320.

Bowers cannot make out a *prima facie* case of discrimination under Title VII because he has not alleged that he is a member of a protected class. Bowers has not stated a claim under the Ninth Amendment because it does not provide an independent cause of action. *See Jennings* 2013 WL 3388403, at *4 ("No cause of action exists based upon [the] violation [of the Ninth Amendment].") (citing *Schinzing v. City of Burleson*, 1996 U.S. Dist. LEXIS 22661, at *6 n.3 (N.D. Tex. May 22, 1996)). Accordingly, Bowers claim must be dismissed.

## IV.

For the foregoing reasons, the Court GRANTS the defendants' motions to dismiss with prejudice.

It is so ORDERED.

SIGNED on this 1st day of July, 2014.

_____
Kenneth M. Hoyt
United States District Judge